UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

| | : | |
|---|---|---|
| LOWRELL NEAL | : | CASE NO. 5:15-CR-339 |
| | : | 5:18-CV-430 |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 533] |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Lowrell Neal petitions for a writ of habeas corpus under 28 U.S.C. § 2255.[1] Neal seeks relief from his 105 month sentence for conspiracy to possess with intent to distribute and for conspiracy to distribute 50 grams or more of heroin.[2] Neal argues two grounds for relief.[3] For the following reasons, the Court **DENIES** Neal's petition.

## I. BACKGROUND

On January 8, 2016, Neal pleaded guilty to conspiracy to possess with intent to distribute and to conspiracy to distribute illegal drugs.[4] His plea agreement contained an appellate and post-conviction waiver that allowed Neal to appeal only:

> (a) [A]ny punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulation and computations in this agreement; and (c) the Criminal History Category found applicable by the Court."[5]

The plea agreement also stated that Neal could appeal or bring habeas claims asserting ineffective assistance of counsel or prosecutorial misconduct.[6]

---

[1] Doc. 533 at 1.
[2] Doc. 538 at 1-2.
[3] Doc. 533 at 1.
[4] Doc. 197; Doc. 538 at 2.
[5] Doc. 197 at 7.
[6] *Id.*

The Court referred Neal's case to the U.S. Pretrial and Probation Office for a pre-sentence report ("PSR").[7] At an April 7, 2016 sentencing hearing, the Court found that Neal's plea agreement drug quantities were inconsistent with other pre-sentence materials.[8] For example, the superseding indictment alleged that Neal and others "obtained large quantities of heroin and cocaine from an unknown supplier in Chicago, Illinois, and elsewhere"[9] and alleged that Neal and Largentrius Johnson "obtained large quantities of heroin and cocaine from an unknown supplier in Ohio."[10] The indictment also alleged that "[f}rom in or about February 2013, through April 2014, an individual known to the Grand Jury traveled to Chicago, Illinois, multiple times to obtain large quantities of heroin and cocaine for Lowrell Neal and Clifford Edwards."[11] Against this backdrop, the Court found Neal's plea attribution of only "80 grams but less than 100 grams of heroin" potentially inaccurate.[12]

The Court required the government to provide the Probation Office with proffer statements from Neal's co-defendants and reset the date of the hearing for April 15, 2016.[13] At a reconvened sentencing hearing and after considering more evidence, the Court found Neal's conduct involved more than three kilograms of heroin but less than ten kilograms of heroin.[14] With these findings, Neal's recommended Guidelines sentence was 188 – 235 months.[15] On April 15, 2016, the Court sentenced Neal to 105 months in prison.[16]

The Sixth Circuit affirmed Neal's sentence.[17]

On February 22, 2018, Neal filed this § 2255 habeas petition.[18] Neal contends that (1) his

---

[7] Doc. 538 at 3.
[8] Doc. 360 at 11.
[9] Doc. 62 at 3.
[10] *Id.*
[11] *Id.* at 6.
[12] Doc. 360 at 8, 10-11,18.
[13] Doc. 538 at 3; Doc. 360 at 14.
[14] Doc. 355 at 13.
[15] *Id.* at 22.
[16] Doc. 538 at 3; Doc. 355 at 25.
[17] *United States v. Smith*, 681 F. App'x. 483 (6th Cir. 2017).
[18] Doc. 533.

Case No. 5:15-CR-339
Gwin, J.

counsel was constitutionally ineffective and (2) the Court abused its discretion at sentencing.[19]

First, Neal claims that trial counsel was ineffective for failing to object to or file an interlocutory appeal regarding the Court's alleged failure to follow Federal Rule of Criminal Procedure 32(h) and the use of Neal's PSR as evidence.[20] Specifically, Neal claims that trial counsel did not properly object to or appeal the use of undisclosed proffer statements in the creation of the PSR and subsequent sentencing Guideline calculations.[21] Neal also claims that trial counsel erred in not objecting to the use of the PSR as evidence.[22]

Second, Neal claims that the Court abused its discretion by directing that the undisclosed proffers be turned over to the Probation Officer and used in calculating sentencing Guidelines, without giving Neal reasonable opportunity to investigate these proffers.[23] Neal also claims that the Court abused its discretion by not giving Neal proper notice under Rule 32(h) of its intent to depart from the applicable sentencing Guidelines range.[24]

The government opposes Neal's petition.[25]

## II. LEGAL STANDARD

28 U.S.C. § 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255(a) provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

---

[19] *Id.* at 1.
[20] *Id.* at 6-7.
[21] *Id.* at 6.
[22] *Id.* at 7.
[23] *Id.* at 9.
[24] *Id.* at 8. Neal also appears to suggest that his trial counsel erred by not moving to excuse the Court based on bias. Doc. 543 at 2, 4. Because the Court finds no merit to the bias argument, it rejects any ineffective assistance of counsel claim on that basis.
[25] Doc. 538 at 1.

-3-

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[26] Non-constitutional errors are generally outside the scope of § 2255 relief.[27] A defendant alleging a non-constitutional error can only prevail by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."[28]

### III. ANALYSIS

#### A. First Ground: Ineffective Assistance of Counsel for Failing to Object and Appeal Under Rule 32(h) and Object to Use of PSR as Evidence

In his first ground for relief, Neal argues that his counsel was ineffective for failing to object to and appeal the Court's alleged violation of Rule 32(h)[29] of the Federal Rules of Criminal Procedure and for failing to object to the use of Neal's PSR as evidence.[30] In particular, Neal argues that counsel should have objected to and appealed the use of undisclosed proffer statements in the calculation of Neal's sentencing Guideline range.[31]

The Court declines to grant relief on these bases.

Under *Strickland v. Washington*, Neal must show (1) that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the deficient performance "prejudiced the defense" which "requires that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[32]

---

[26] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[27] *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000).
[28] *See United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal citation omitted).
[29] "Notice of Possible Departure from Sentencing Guidelines. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's rehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure."
[30] Doc. 533 at 6-7.
[31] *Id.* at 6.
[32] 466 U.S. 668, 687 (1984).

Case No. 5:15-CR-339
Gwin, J.

To show that counsel's performance was deficient, Neal must overcome the "strong presumption" that counsel's "challenged action[s] 'might be considered sound trial strategy.'"[33] The Court must assess "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[34]

To show resulting prejudice, Neal must show that that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "a reasonable probability" is one "sufficient to undermine confidence in the outcome."[35] An error by counsel, even if professionally unreasonable, "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[36]

In this case, Neal's counsel actually objected to the Court's consideration of Neal's co-defendants' proffer statements and objected to the Probation Officer using those proffers to create the PSR and calculate the sentencing Guideline range.[37] Counsel also objected to the subsequent change in Neal's offense level calculation after the inclusion of these proffer statements.[38]

The government argues that these defense counsel's objections refute Neal's claims regarding counsel's failure to raise objections to the Court's use of proffer statements.[39] The Court agrees.

Furthermore, on appeal, the Sixth Circuit found that while this Court erred in allowing the use of the proffer statements, this error was harmless due to the district judge's statement that he would have imposed the same sentence regardless of the recommended sentencing Guideline range,[40] meaning that the inclusion of the proffer statements was not prejudicial to Neal.

The government also argues that, under 28 U.S.C. § 1292, Neal's counsel lacked a valid basis

---

[33] *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).
[34] *Id*. at 690.
[35] *Id*. at 694.
[36] *Id*. at 691. *See also U.S. v. Morrison*, 499 U.S. 361, 364-65 (1981).
[37] Doc. 538 at 10; Doc. 360 at 15-19.
[38] Doc. 538 at 10, 12; Doc. 360 at 15, 18-19; Doc. 355 at 10.
[39] Doc. 538 at 10.
[40] Doc. 533 at 10.

Case No. 5:15-CR-339
Gwin, J.

for filing an interlocutory appeal regarding the use of the proffer statements.[41] The government is correct. Generally, a party may only appeal from the entry of a final judgment.[42] While there are exceptions to that rule,[43] none of those exceptions applied in this case.

Finally, Neal argues that "a presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact," and therefore counsel was deficient in failing to object to the use of Neal's PSR as evidence.[44] Neal does not raise any specific challenges to the PSR beyond this statement, however, and the Court must therefore reject it as merely conclusory.[45]

The Court therefore **DENIES** Neal's first ground for relief.

**B. Second Ground: Abuse of Discretion by the Court in Using Undisclosed Proffers to Calculate Sentencing Guideline Range and Not Giving Notice of Deviation from Guideline Range in Sentencing**

In his second ground for relief, Neal argues that his sentence should be vacated because the Court abused its discretion in directing that the Probation Officer to use undisclosed proffer statements in the calculation of Neal's sentencing Guideline range, without giving Neal reasonable opportunity to investigate these statements.[46] That argument is foreclosed by the Sixth Circuit's decision in Neal's appeal, which rejected this very argument.[47] And even if it weren't, the Court

---

[41] Doc. 538 at 10.
[42] 28 U.S.C. § 1291.
[43] *See e.g.*, 18 U.S.C. § 3731; 28 U.S.C. § 1292.
[44] Doc. 533 at 7 (quoting *U.S. v. Nallie*, 53 F.3d 332 (Table), 1995 WL 244052 (6th Cir. 1995)).
[45] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements."); Rule 2 of the Rules Governing § 2255 Proceedings for the U.S. Dist. Courts (requiring petitions to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground"). *See also United States v. Cosgrove*, 637 F.3d 646, 663 (6th Cir. 2011) ("[C]onclusory assertions of ineffective assistance are not adequate.); *Green v. United States*, 2016 WL 4493851, at *4 (N.D. Ohio Aug. 26, 2016).
[46] Doc. 533 at 9.
[47] *Smith*, 681 F. App'x at 486–87; *see United States v. Cook*, 238 F.3d 786, 789 (6th Cir. 2001) ("[T]he mandate rule requires lower courts to adhere to the commands of a superior court. Accordingly, [u]pon remand of a case for further proceedings after a decision by the appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." (quoting *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)); *see also In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895) ("When a case has been once decided by this court on appeal, and remanded to the circuit court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The circuit court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution;

would reject this claim for the same reasons the Sixth Circuit did—namely, that the error was harmless.[48]

Neal also argues that the Court abused its discretion by not giving Neal proper notice under Rule 32(h) that it would depart from the sentencing Guideline range and by improperly interfering in the plea bargaining process.[49]

The Court declines to grant relief on this basis.

Neal waived any claims of abuse of discretion by the Court by agreeing to and signing the plea agreement.[50] The plea agreement contained an appellate and post-conviction waiver with only certain limited exceptions, of which abuse of discretion by the trial court was not one.[51] It is "well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement."[52] Appellate and post-conviction waivers "must be made knowingly and voluntarily."[53]

This Court finds that there is no evidence that Neal entered into the plea agreement or agreed to the waiver of his appellate and post-conviction rights unintentionally or unwillingly. Neal acknowledged each provision of the plea agreement his signature and his initials on each page.[54] Further, Neal verbally acknowledged his understanding of the plea agreement's provisions before the Court.[55] The Court therefore finds that Neal waived his abuse of trial court discretion claim and

---

or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."); Bryan A. Garner et al., *The Law of Judicial Precedent* 459 (2016) ("When a case has been heard and determined by an appellate court, the legal rules and principles laid down as applicable to it bind the trial court in all further proceedings in the same lawsuit. They cannot be reviewed, ignored, or departed from.").

[48] *Smith*, 681 F. App'x at 486–87
[49] Doc. 533 at 8–9.
[50] Doc. 538 at 7.
[51] *Id.*
[52] *U.S. v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001).
[53] *U.S. v. Gibney*, 519 F.3d 301 (6th Cir. 2008).
[54] Doc. 538 at 7.
[55] *Id.*

Case No. 5:15-CR-339
Gwin, J.

declines to consider it.[56]

The Court therefore **DENIES** Neal's second ground for relief.

### IV. CONCLUSION

For these reasons, the Court **DENIES** Neal's petition for a writ of habeas corpus.

IT IS SO ORDERED

Dated: May 31, 2018                                   *s/     James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[56] Neal's plea agreement waiver of his appellate and post-conviction rights also provides an additional reason for rejecting his abuse of discretion argument based on the Court's failure to give him a chance to respond to the proffer statements.