UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:15-cr-00339 |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 592] |
| vs. | : | |
| LOWRELL NEAL, | : | |
| Defendant. | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Lowrell Neal requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1]  The Government opposed Neal's petition.[2]  Neal replied.[3]

For the reasons stated below, the Court **GRANTS** Neal's motion for compassionate release.

I.  Background

On January 8, 2016, Defendant Neal pleaded guilty to one count of conspiracy to possess with the intent to distribute 100 grams or more of a mixture containing heroin and 500 grams of a mixture containing cocaine.[4]  On April 14, 2016, this Court sentenced Neal to 105 months imprisonment with three years of supervised release.[5]  Neal had been arrested on September 21, 2015, and he received credit for the detention time.

---

[1] Doc. 592.  Neal filed his original petition pro se but filed his supplement and reply with counsel.  Docs. 594, 596.
[2] Doc. 595.
[3] Doc. 596.
[4] Doc. 196.
[5] Doc. 347.

Case No. 1:15-cr-339
Gwin, J.

On April 22, 2020 Neal filed the instant motion for compassionate release.[6]

For the following reasons, the Court **GRANTS IN PART** Neal's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's term of imprisonment upon a motion from a defendant once 30 days have expired since the warden of the defendant's facility received such a motion from the defendant.[7]  Neal states that he requested compassionate release in a letter to the Warden on April 16.[8]  Neal received a letter from the Elkton Warden, Mark Williams, dated April 27, 2020 acknowledging Neal's compassionate release petition and denying the request.[9]  Because more than 30 days have expired since Neal's request, he has satisfied the exhaustion requirement.

### B. Eligibility

To grant compassionate release, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[10]  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553.[11]  Under the compassionate release statute, the Court may "reduce the term of imprisonment and impose a term of probation or supervised release with or without conditions that does not exceed the

---

[6] Doc. 592.
[7] 18 U.S.C. § 3582(c)(1)(A)(i).
[8] Doc. 592 at 15.
[9] Doc. 596-1.
[10] 18 U.S.C. § 3582(a)(1)(A).
[11] *Id.*

-2-

Case No. 1:15-cr-339
Gwin, J.

unserved portion of the original term of imprisonment."[12]

Neal argues that he suffers from medical conditions that put him at higher risk of serious medical consequences, including death, if he contracts COVID-19. Specifically, he states that he has asthma and sickle beta thalassemia.[13] Neal correctly points out that his conditions are documented in his presentencing report.[14] Additionally, Neal was included on the list of medically vulnerable Elkton inmates pursuant to this Court's order in *Wilson v. Williams*.[15]

Neal's conditions, in conjunction with the Elkton COVID-19 conditions are extraordinary and compelling reasons that justify the grant of compassionate release.[16] Because Neal is at a greater risk for medical complications if he contracts the virus and 25% of Elkton inmates are infected, Neal's health and life are in serious danger if he continues to serve his sentence at Elkton. Moreover, granting compassionate release here accords with 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statements.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Neal's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court orders that Neal shall serve his remaining months of imprisonment on supervised release. The conditions of that supervised release include those originally imposed at Neal's sentencing, with the additional requirement of home incarceration with electronic monitoring. After Neal's period of supervised release with home confinement expires it is to be followed by the

---

[12] *Id.*
[13] Doc. 594 at 1.
[14] Doc. 277.
[15] *Wilson et al. v. Williams et al.*, No. 4:20-cv-00794-JG (N.D. Ohio April 30, 2020), ECF No. 35-1.
[16] Commentary to FSG § 1B1.13.

-3-

Case No. 1:15-cr-339
Gwin, J.

three years of supervised release imposed at Neal's sentencing, under the supervised release terms of his original sentence.[17]

IT IS SO ORDERED.

Dated:  June 2, 2020            *s/       James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[17] Doc. 347.